Arrott, Appellant, *v.* Allegheny County.

Argued October 7, 1937. Before KEPHART, C. J.; SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*M. J. Hosack,* with him *George M. Hosack,* for appellant.

*John Joseph O'Connell,* Assistant County Solicitor, with him *Charles Alvin Jones,* County Solicitor, for appellee.

OPINION BY MR. JUSTICE DREW, November 12, 1937:

Proceeding under the provisions of the Act of May 8, 1929, P. L. 1656,* plaintiff sought from the county commissioners of Allegheny County a refund of personal

---

* That act is as follows: "Be it enacted, &c., That whenever hereafter any person or corporation of this Commonwealth has erroneously or inadvertently paid or caused to be paid into a county treasury, directly or indirectly, any tax or taxes on real or personal property, under an assumption that such taxes were due and owing, when in fact such taxes or a part thereof were not due and owing to the county, then in such cases the county commissioners, upon due proof of any such erroneous or inadvertent tax payments, are hereby authorized to draw their warrant on the county treasurer, in favor of such person or corporation, to make refund of such tax or taxes to which the county has no valid claim, out of the county funds." For further history of the act see the Acts of July 12, 1935, P. L. 682; July 18, 1935, P. L. 1210; May 21, 1937, P. L. 786, and June 2, 1937, P. L. 1211. None of these acts is relevant here.

property taxes alleged to have been erroneously and inadvertently paid on July 30, 1929. The payment was voluntary and without protest. His claim was refused and the present action of assumpsit instituted on August 28, 1935. Defendant's affidavit of defense raising questions of law was sustained on the ground that the action was barred by the statute of limitations. This appeal followed.

In our opinion, it is entirely unnecessary to consider the question of the statute of limitations; the plain fact is that no right to sue in assumpsit is conferred by the legislation in question. Prior to the passage of the Act of 1929, supra, county commissioners were powerless to grant refunds of taxes erroneously but voluntarily paid, without protest, even in the most meritorious cases; nor was there any jurisdiction in the courts to grant such relief: *Shenango Furnace Co. v. Fairfield Township,* 229 Pa. 357, and cases therein cited; see *Philadelphia & Reading Coal & Iron Co. v. Tamaqua Borough School District,* 304 Pa. 489. Plainly that act confers no such jurisdiction *(cf. Com. ex rel. Howley v. Mercer,* 190 Pa. 134; *Luzerne County Election Returns,* 301 Pa. 247); it merely authorizes the county commissioners to make refund of taxes erroneously or inadvertently paid upon due proof of such payment. Had the legislature intended to provide for an appeal to the courts it would have made explicit provision therefor: see 9 Standard Pa. Practice, section 13, footnote 16. Jurisdiction must be clearly conferred; it cannot be assumed by implication. This statute is in derogation of the common law and must be strictly construed: *Locust Street Subway Case,* 319 Pa. 161; *Guthrie's Estate,* 320 Pa. 530. The power to bring an action against the Commonwealth or any of its political subdivisions must be clearly and expressly given. It seems self-evident that no such permission has been here conferred.

Judgment affirmed.