## Casey, etc., v. Edwards et al.

*Casey & Casey,* for plaintiff.
*John R. Edwards,* for defendants.

LEACH, P. J., December 4, 1942.—The petition sets forth that plaintiff, liquidating agent and attorney for the heirs of Helen M. Carroll, deceased, is in charge of real estate on North Sumner Avenue in the City of Scranton. The petition, as amended by stipulation, shows that in 1934 or 1935 certain improvements were made on a dwelling, and the assessment valuation was increased from $2,520 to $5,175. On the assessment return it seems that the property is assessed for a second dwelling which does not appear upon the property.

No appeal was taken on the increased assessment either in 1936 or the next triennial assessment in 1939. In August 1942 petitioner requested the defendant school district to return $303.38, overpayment of taxes, which petitioner alleges it was bound to repay under the provisions of the Act of June 2, 1937, P. L. 1211, 72 PS §5566. No answer was made denying the said facts after the petition was reformed by stipulation as agreed by counsel. The said act is as follows:

". . . whenever any person or corporation of this Commonwealth has erroneously or inadvertently paid or caused to be paid into the treasury of a political subdivision, directly or indirectly, any tax or taxes on real or personal property, or any license fee or fees, under an assumption that such taxes or license fees were due and owing, when in fact such taxes or license fees or a part thereof were not due and owing to the political subdivision, then in such cases the corporate authorities of the political subdivision, upon due proof of any such erroneous or inadvertent tax or license fee payments, are hereby authorized to draw their warrant on the treasurer, in favor of such person or corporation, to make refund of such tax or taxes, or license fee or fees, to which the political subdivision has no valid claim, out of the public funds."

The original act was construed in Arrott v. Allegheny County, 328 Pa. 293. A footnote at page 294 draws attention to the fact that the Act of 1937 is not relevant in that decision. In the Arrott case it was held that no right to sue in assumpsit is conferred by the Act of 1929, and if the legislature intended to provide for an appeal to the courts it would have made explicit provision therefor, and the statute is in derogation of the common law and must be strictly construed.

While the Act of 1929 was in derogation of the common law and entitled to strict construction at the time the case of Arrott v. Allegheny County, supra, was de-

cided, such is no longer the method of construction, as section 58 of the Statutory Construction Act of May 28, 1937, P. L. 1019, provides that the rule of law that statutes in derogation of the common law are to be strictly construed shall have no application to the laws of this Commonwealth hereafter enacted.

In Hotel Casey Co. v. Ross et al., 343 Pa. 573, it was held that the State Treasurer must repay taxes to which the Commonwealth was not equitably entitled. This was in construction of The Fiscal Code of April 9, 1929, P. L. 343, as amended by the Act of June 6, 1939, P. L. 261, 72 PS §503. In that case mercantile license tax improperly imposed on hotels operating dining rooms for the convenience of their guests was refunded by mandamus by the State Treasurer. It was held that where a tax or money has been paid under an interpretation of the law subsequently held to be erroneous by a court of final jurisdiction it was the duty of the Board of Finance and Revenue to order a refund or credit, and mandamus was the proper remedy if the State Treasurer did not do so: Hotel Casey Co. v. Ross et al., supra (p. 582). It does not follow that a school district must refund taxes paid on a double assessment where no appeal was taken. The situation is far different because the school board has nothing to do with fixing of the assessments and has no notice of the illegality of the payment and must enter into large investments and commitments upon the strength of the validity of the tax levies. It is more fully set out in Wilson et ux. v. Philadelphia School District et al., 328 Pa. 225, 245, 246, as follows:

"At the time the now delinquent school taxes were levied, the property owners who became liable for the payment thereof realized that the revenues to be derived from their payment would be counted on to supply the funds necessary to meet the obligations incurred in the administration of the public school system. In order to avail themselves of the right to attack the

validity of the tax levies, it was incumbent upon them to make known their intention to resist payment. They could not sit by and permit the school board to rely upon payment of their taxes to its detriment and to the detriment of other taxpayers. To permit a delinquent taxpayer to raise a constitutional objection to the validity of the claim against him, after expenses have been incurred in reliance on his future payment, would be for the court to completely shut its eyes to equity and place an unjust burden on future generations. Once a taxpayer has omitted to voice his objection within a reasonable time after the levy has been made and with knowledge that his claim will be made the basis of expenditures to be incurred, and the expenditures have been made, it is too late for him to attempt to impeach the validity of the tax levy. Under such circumstances he must be deemed to have waived all right to assert any constitutional objection which might have afforded him protection had he chosen to invoke it at the proper time. Any other course would imperil all governmental agencies under similar circumstances."

We might remark in passing that in Arrott v. Allegheny County, supra, it was held under the original act that no right of appeal to the courts or action in assumpsit would lie. The Act of June 2, 1937, P. L. 1211, seems to have been carelessly drawn in that it amended the statute of 1929 that had been repealed at the same session: Act of May 21, 1937, P. L. 786. It does not on its face give any court jurisdiction and there is no statute of limitations provided in the act in place of the two-year limitations in previous acts. Under the provisions of the said act any taxpayer could claim that he had paid taxes to which the school district was not equitably entitled for at least six years back and get a refund. The danger of "imperiling all government agencies under similar circumstances" is much greater under the present act than under the original

act to which this statement was applied in Wilson et ux. v. Philadelphia School District et al., supra. Any argument that might convince the majority of a school board that the district had received money to which it was not "equitably entitled" at any time in the past would get the money out of the school treasury and into private possession.

Now, December 4, 1942, motion to quash writ of alternative mandamus is made absolute.