## COLUMBIA CASUALTY CO. v. WESTMORELAND COUNTY, PA.
### Civil Action No. 2357.

District Court, W. D. Pennsylvania.

Dec. 13, 1943.

James J. Burns, Jr., of Pittsburgh, Pa., for plaintiff.

Oliver K. Eaton, Special Counsel, of Pittsburgh, Pa., and Scott Fink, Co. Sol., of Greensburg, Pa., for defendant.

GIBSON, District Judge.

The Columbia Casualty Company, the complainant, claiming the right of subroga-

tion to the claim of Derry Township, Westmoreland County, Pennsylvania, has brought its action against the said County to recover $9,000 of the school tax funds of the Township which were "mistakenly, fraudulently, or under a misapprehension in regard thereto," paid into the Treasurer's Office of the County by one Anna Kate Stewart, Tax Collector for the School District. By means of this payment complainant asserts the County was unjustly enriched, and consequently it (complainant) is entitled to recover.

The defendant has first moved to dismiss the complaint on the ground that it does not state a claim upon which relief can be granted. For a second defense the County answered the complaint in detail. For a third defense the County has urged that no power has been given or statute enacted in Pennsylvania authorizing the institution of the suit, and the action cannot lawfully be brought. For a fourth defense defendant asserts that the claim was premature, not having been presented to the County Controller for approval; and for a fifth defense the plaintiff is charged with laches in the presentation of the claim, and for a sixth defense it is averred that the School District had no right to subrogate the plaintiff to any right of action against the defendant.

No comment is necessary in respect to any of the defenses other than the first and third.

The Pennsylvania Act of May 8, 1929, 72 P.S. § 5566, provides that: "Whenever hereafter any person or corporation of this Commonwealth has erroneously or inadvertently paid or caused to be paid into a county treasury, directly or indirectly, any tax * * * under an assumption that such taxes were due and owing, when in fact such taxes or a part thereof were not due and owing to the county, then in such cases the county commissioners, upon due proof of any such erroneous or inadvertent tax payments, are hereby authorized to draw their warrant on the county treasurer, in favor of such person or corporation, to make refund of such tax or taxes to which the county has no valid claim, out of the county funds."

The Act of May 21, 1937, P.L. 786, Sec. 1, 72 P.S. § 5566a, is substantially the same in verbiage as the Act of 1929.

■ Prior to the Act of 1929, taxes voluntarily paid could not be refunded even though paid erroneously. That Act authorized, but did not require, repayment of such taxes. The Supreme Court of Pennsylvania has held that the statute, being in derogation of the common law, must be strictly construed, and that no right of action is conferred thereby.

"Under the Act of May 8, 1929, P.L. 1656 [72 P.S. § 5566], which authorizes the county commissioners to make refund of taxes erroneously or inadvertently paid upon due proof of such payment, the courts are without jurisdiction to grant such relief." Arrott v. Allegheny County, 328 Pa. 293, 194 A. 910.

"Before the Act of 1929 such taxes voluntarily paid to counties could not be refunded, even though erroneously paid: Shenango Furnace Co. v. Fairfield Tp., 229 Pa. 357, 78 A. 937; even if the law under which they were levied was unconstitutional: Payne v. School District, 168 Pa. 386, 31 A. 1072; Peebles v. City of Pittsburgh, 101 Pa. 304, 47 Am.Rep. 714."

"It will be noted that the Act of 1929, supra, does not direct or require a refund of such taxes erroneously but voluntarily paid; it only authorizes, that is, warrants or makes legal, what before could not legally be done. The General Assembly no doubt recognized that commitments may have been made and expenditures incurred on the faith and strength of these taxes and therefore while it authorized their refund it did not order or direct it, leaving it discretionary with the authorities whether or not the refund should be made." Seidl's Appeal, 143 Pa.Super. 539, 18 A.2d 524, 525.

■ It will be noted that the complaint states that the school tax was "mistakenly, fraudulently, or under a misapprehension" paid into the county treasury; but it will also be noted that nothing in the shape of fraud or lack of good faith is alleged by it on the part of the Treasurer's Office which received the payment. This being so, nothing is asserted in the complaint other than an erroneous payment to the County Treasurer, and jurisdiction cannot be claimed by any theory of unjust enrichment.

It appearing that it does not state a claim against the defendant upon which any relief can be granted, the complaint will be dismissed.