Longacre Park Heating Co. *v.* Delaware County (et al., Appellant).

Argued November 19, 1946. Before Baldrige, P. J., Rhodes, Hirt, Reno, Dithrich, Ross and Arnold, JJ.

*Ralph L. Lindenmuth,* for appellant.

*Joseph D. Calhoun,* with him *Roland C. Heisler,* for appellee.

Opinion by Hirt, J., January 17, 1947:

On the trial of this case, the court refused appellant's point for binding instructions and directed a verdict in favor of plaintiff and against the Borough of Yeadon, in the sum of $1,688.55. On undisputed facts, appellant contends that the court erred in refusing to enter judgment in its favor n. o. v.

Plaintiff paid taxes for the years 1934, 1935, and 1936 which had been assessed by the Borough of Yeadon against its real estate, in the total sum of $1,558.42. For each of the years, plaintiff's real estate was exempt from local taxation. Immediately upon discovery that

these taxes had been paid upon a mistake of law, plaintiff wrote appellant borough, on September 28, 1937, requesting a refund of the taxes so paid in error. The claim was ignored by the borough. After the passage of the Act of May 21, 1943, P. L. 349, 72 PS 5566b, c, d, plaintiff renewed its demand for a refund on three occasions, the last of them on October 2, 1944. On the final refusal of the borough to make repayment, plaintiff brought this suit in assumpsit on April 30, 1945, to recover the amount of the taxes erroneously paid to the borough.

Section 1 of the 1943 Act did more than to authorize, merely, the refund of taxes so paid in error; it *required* repayment by the municipal subdivision, but provided that "no such refund shall be made sooner" than September 1, 1944. Although immaterial, the date to which payment was deferred, in the act, accounts for plaintiff's delay in bringing this suit. Section 2 of the act provides the remedy of an action in assumpsit on the refusal by the municipality to refund taxes, paid in error, upon demand. The controversy in this appeal is focused on §3 of the act which provides: "The provisions of this act shall be retroactive and effective as to any and all taxes and fees heretofore erroneously or inadvertently paid into the treasury of any political subdivision for a period of not exceeding three years prior to the discovery of such erroneously paid taxes and fees." Appellant contends that the act in the retroactive effect intended by this language is "so uncertain, indefinite and ambiguous as to be meaningless, ineffective and inoperative."

Well established and familiar principles were restated and codified in the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS 551. Section 51 provides: "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the

Legislature. Every law shall be construed if possible to give effect to all its provisions . . . When the words of a law are not explicit, the intention of the Legislature may be ascertained by considering, among other matters—(1) the occasion and necessity for the law . . . (3) the mischief to be remedied; (4) the object to be attained; (5) the former law, if any . . . upon the same or similar subjects . . ." The law prior to the Act of 1943 sanctioned the unmoral practice under which municipalities, in general, kept and used for municipal purposes, funds however erroneously paid and unlawfully received by them. The former laws on the subject— the Act of May 8, 1929, P. L. 1656, and of June 2, 1937, P. L. 1211, did no more than to make the refund of taxes, erroneously paid, discretionary, first as to counties and then as to all municipal political subdivisions. Prior to the 1937 act the borough was powerless to grant refunds of taxes erroneously but voluntarily paid, without protest. *Arrott v. Allegheny County,* 328 Pa. 293, 194 A. 910. Obviously, there was mischief to be remedied, supplying the occasion and necessity for the 1943 act; the object to be attained was to impose upon municipalities standards of common honesty in relation to the collection of taxes, *compelling* them, for the first time, to refund taxes paid to them under mistake of law. Section 3 of the 1943 act is not explicit as to the obligation of a taxpayer on discovery of error. But legislation may not be held invalid on the ground of uncertainty, if susceptible of any reasonable construction that will give it effect. *Miller v. Belmont P. & Rubber Co.,* 268 Pa. 51, 63, 110 A. 802. On the above principles of construction, in our opinion, it was the intent of the act that notice of the erroneous payment be given the taxing authority by the taxpayer immediately upon discovery, as was done in this case. The language of the act is otherwise clear and explicit. Its provisions

are free from all ambiguity and there is nothing uncertain in the salutary object intended by the act nor the method of attaining it, though retroactively.

An Act of Assembly may create civil rights and impose duties *retroactively* if that legislative intent is clearly expressed in the act, as it is here. Statutory Construction Act, supra, §56; *Commonwealth v. Repplier Coal Co.*, 348 Pa. 372, 381, 35 A. 2d 319. Appellant emphasizes the fact that there is no specified time limit, in the act, on a taxpayer's right to compel a refund, except that recovery is limited to taxes paid within three years prior to the date when the error was discovered. True, the suit here was brought eleven years after payment, and eight years after discovery of the error. But what of that? In general, as appellant suggests, it is the policy of the law that long lapse of time shall bar litigation. But whether that policy shall be given effect by imposing a time limitation on any right of action, is a matter for the legislature to decide. The legislature may create a remedy with or without time limitation, as it sees fit. In reality, the lapse of time in the present case has not prejudiced the borough in any respect. It admits the clear error upon which the taxes were paid, and even eleven years is not an unreasonable period within which to bring suit dealing with a subject matter of which the borough, throughout the whole period, had a complete, accurate and permanent public record. We will meet appellant's argument, that long lapse of time (e. g., "a suit in 1946 to recover taxes discovered in 1849 to have been erroneously paid in 1846") may be so unreasonable as to make the act inoperative, when and if that issue is raised in a proper case. The question is not involved here.

Judgment affirmed.