## Grine v. Turner, etc., et al.

*Paul J. Abraham*, for plaintiff.
*Smith, Best & Horn*, for defendants.

LAIRD, P. J., July 29, 1948.—This is an action to recover the sum of $389.14 alleged to have been "erroneously and inadvertently, paid, into the Treasury of Westmoreland County, . . . on account of certain county, township and school district taxes for the years 1931, 1932, 1933, 1934, on assumption that such taxes were then due and owing."

Plaintiff is the owner in fee of two lots of ground in Washington Township, which were formerly a part of a larger tract of land containing 7½ acres owned by W. G. Deemer, who purchased the same from the

Vandergrift Savings & Trust Company, administrator of the estate of Joseph D. Campbell, deceased, in 1940, the sale of the land to W. G. Deemer having been made by order of the orphans' court of this county for the payment of decedent's debts. It is not denied that the sale so made was a judicial sale and that the order of the orphans' court contained the following clause:

"Said sale to have the effect of a judicial sale as to the discharge of liens upon said real estate and the purchase money shall be accounted for by said administrator in the settlement of its account as such." And it is admitted that among the list of debts in the administrator's petition to the orphans' court to sell its decedent's real estate for the payment of his debts, was the following item: "Taxes due Westmoreland County Treasurer Miles McWherter, $250."

This was evidently an erroneous statement on the part of the administrator, as plaintiff alleges in his complaint that the records show that the $250 alleged by the administrator to be due on account of taxes were for the tax years of 1938 and 1939. Plaintiff further alleges that in addition to the taxes due for 1938 and 1939, estimated by the administrator in its petition to sell the real estate for payment of decedent's debts, the record showed that there was an additional sum due for the taxes of 1931, 1932, 1933 and 1934 amounting to $389.14, which plaintiff herein paid on July 16, 1945, and which he now seeks to recover in the present action.

The action is sought to be maintained under the Act of May 21, 1943, P. L. 349, 72 PS §5566(b), the first section of which, stripped of all unnecessary and superfluous words so far as the instant case is concerned, reads as follows:

"Whenever any person . . . has erroneously or inadvertently paid . . . into the treasury of any political subdivision . . . any tax or taxes on real . . .

property . . . under an assumption that such taxes . . . were due and owing, when in fact such taxes . . . were not due and owing to the political subdivision, then in such cases the authorities of the political subdivision, upon due proof of any such erroneous or inadvertent tax . . . payments, are hereby directed to draw their warrant on the treasurer of such political subdivision in favor of such person . . . , to make refund out of the public funds of such tax or taxes . . . to which the political subdivision has no valid claim: . . ." and section 2 of the act (see 72 PS §5566(c)) provides that:

"In the event of refusal or failure on the part of authorities of the political subdivision involved to make any such refund of taxes . . . so erroneously paid into the treasury thereof, then the aggrieved person . . . shall have the right to recover the sum involved by instituting an action in assumpsit in any court of competent jurisdiction within the county wherein such political subdivision is located."

Plaintiff herein does not allege that the taxes for 1931, 1932, 1933 and 1934, amounting to $389.14, were not due and owing, but he does allege that they were not a lien on the real estate now owned by him and which he purchased from W. G. Deemer, grantor of Joseph D. Campbell's administrator.

It is conceded that the sale of the real estate of Joseph D. Campbell by his administrator, the Vandergrift Savings & Trust Company, to W. G. Deemer was a judicial sale and that there was sufficient money realized by the sale of the real estate to pay all taxes, costs of sale and all debts of decedent and leave a balance for distribution among the heirs. Defendant admits, therefore, that any lien on the real estate was discharged by the administrator's sale and that said taxes were not a personal debt of plaintiff herein, but defendant strenuously contends that the taxes of 1931,

1932, 1933 and 1934 remaining unpaid "were due and owing to the political subdivisions"; that they have a "valid claim" thereto and that the Act of 1943 does not apply.

The twelfth paragraph of plaintiff's complaint is as follows: "12. The following notation appears in Sales Book 5, Page 294:

" 'J. D. Campbell, Washington Township. 7½ acres land—house, garage and service station—104-0129.

" 'April 23, 1942. Sold by County Treasurer to County Commissioners for $378.15, being the aggregate balance of taxes, with penalty and costs.

|  | 1931 | 1932 | 1933 | 1934 | Totals |
|---|---|---|---|---|---|
| Taxes | $76.50 | $71.09 | $50.09 | $38.60 | $236.28 |
| Penalty | 49.73 | 41.95 | 26.55 | 18.14 | 136.37 |
| Costs | .25 | .25 | .25 | 4.75 | 5.50 |
|  | $126.48 | $113.29 | $76.89 | $61.49 | $378.15 |

" 'July 16, 1945, redeemed by Charles F. Grine by payment of $389.14 to County Treasurer Miles C. McWherter.' "

To this complaint of plaintiff, defendant files preliminary objections as follows:

"Comes the School District of Washington Township, one of the defendants, and alleges that plaintiff has failed to plead a cause of action against it, alleging that plaintiff's complaint is insufficient, for the following reasons:

"1. It is not alleged that plaintiff made any payment to the School District of Washington Township. In truth, any payment made by him was made to the Treasurer of Westmoreland County, whose written receipt, countersigned by the controller, is attached to plaintiff's complaint, and marked Exhibit 'A'.

"2. Plaintiff's complaint as a whole admits that the taxes in question were due and owing by the owner of the land (J. D. Campbell) for the calendar years 1931, 1932, 1933 and 1934, claiming only that the lien

of the taxes on the real estate, against which such taxes were assessed, was discharged by reason of the judicial sale referred to in paragraph 4 of plaintiff's complaint.

"3. Plaintiff, under the allegations of the complaint, was a mere volunteer.

"4. This defendant, in no event, is liable in a joint action for the whole sum paid by plaintiff to the Treasurer of Westmoreland County.

"5. The amount paid the Treasurer of Westmoreland County was voluntarily paid, and payment was made without protest as is shown by Exhibit 'A', attached to plaintiff's complaint."

The question now before the court, therefore, is: Has Charles F. Grine the right to recover the sum, which he paid to the county treasurer and which has been since distributed to the municipal subdivisions entitled to participate therein, namely: the County, the Township of Washington and the School District of Washington Township?

We are of opinion that this question must be answered in the negative. Plaintiff relies on Longacre Park Heating Co. v. Delaware County et al., 160 Pa. Superior Ct. 252, and Commonwealth v. Lycoming County et al., 60 D. & C. 121. However, they are not parallel cases. In the Delaware County case the taxes were not due and owing and the court said, quoting from page 253:

"Plaintiff paid taxes for the years 1934, 1935, and 1936 which had been assessed by the Borough of Yeadon against its real estate, in the total sum of $1,558.42. For each of the years, plaintiff's real estate was exempt from local taxation."

In the instant case no such condition appears. There is no denial that in the case at bar the taxes in question were properly levied, assessed and returned and that the real estate was sold at treasurer's sale to the

county commissioners. There was, therefore, an outstanding adverse title in the county commissioners to the 7½ acres of land in Washington Township, of which plaintiff's property was a part and plaintiff shows by the twelfth paragraph of his complaint, quoted supra, that he acquired this outstanding title when he redeemed the land on July 16, 1945.

The act evidently refers to taxes which have been paid but to which the county or other political subdivision is not legally entitled or "has no valid claim". According to the tax records as quoted in plaintiff's complaint, the taxes in the case at bar were due and owing at the time of payment, although not a lien on the real estate.

In the Lycoming County case cited by plaintiff, supra, the real estate was owned by the Commonwealth, having been purchased at treasurer's sale for taxes by the Commonwealth, Department of Public Assistance, and taxes were then levied by the county and the several political subdivisions and paid by the Department of Public Assistance. In that case the court made absolute a rule to show cause why taxes mistakenly paid by the Commonwealth, Department of Public Assistance, should not be returned. Land owned by the Commonwealth is not subject to taxation.

Plaintiff also cites Girard Trust Co., Trustee, v. Philadelphia City and County, 359 Pa. 319, and argues that it rules the case at bar. We cannot agree. In the Girard Trust Company case, the court held that there was no tax due. The personal property on which the tax was levied was not subject to taxes. Consequently, the Supreme Court ordered that the tax illegally collected be returned with interest.

In the Girard Trust Company case, the Supreme Court stated, quoting from page 324: "The statute in its entirety refers to erroneous and inadvertent

payment of taxes into the treasury of a political subdivision under an assumption that such taxes were due and owing when in fact they were not."

Plaintiff in the instant case has not shown, has not even alleged, that the taxes sought to be returned were not due and owing at the time of payment.

In a previous case, Girard Trust Company, Trustee's Appeal, 333 Pa. 129, the Supreme Court had determined that the personal property held by the Girard Trust Company as trustee was not subject to taxation, but in the case at bar the land was subject to taxation.

The Act of 1943 evidently refers to taxes which have been paid but to which the county or other political subdivision is not legally entitled.

In the instant case the taxes for the years 1931, 1932, 1933 and 1934 were due and owing to the county and to the respective political subdivisions until paid by plaintiff herein, and the county and several subdivisions were legally entitled to receive the same.

We are, therefore, of opinion that plaintiff cannot maintain this suit and that the second preliminary objection to plaintiff's case must be sustained, and that judgment of nolle pros should, therefore, be entered.

Since we are of opinion that plaintiff cannot recover on his complaint as filed, we deem it unnecessary to consider or discuss the first, third, fourth and fifth reasons given by defendant in its preliminary objections, and, therefore, enter the following decree.

And now, to wit, July 29, 1948, after argument and after due and careful consideration, it is ordered, adjudged and decreed that the second preliminary objection filed to plaintiff's complaint be and the same hereby is sustained, and that judgment of nolle pros be and the same hereby is entered.