# Pennsylvania Company for Banking and Trusts, Trustee, *v.* Philadelphia, Appellant.

638

Argued September 28, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Abraham Wernick,* Assistant City Solicitor, with him *Frank F. Truscott,* City Solicitor, for appellant.

*L. Alton Blake,* with him *George V. Strong* and *Strong, Sullivan, Saylor & Ferguson,* for appellee.

OPINION BY RENO, J., November 14, 1950:

The Pennsylvania Company for Banking and Trusts, hereafter called the Company, was trustee for Frank Nalle, a resident of Virginia, and during 1936, 1937 and 1938, erroneously paid $1354.43 to the City of Philadelphia for personal property taxes assessed against trust securities in its possession in Philadel-

phia. On February 11, 1949, it instituted assumpsit against the city and county[1] for a refund of the taxes under the Act of May 21, 1943, P. L. 349, §1, 72 P.S. §5566b, et seq. Jury trial was waived, and the trial judge, with the approval of the court en banc, entered judgment for the Company, from which the city appealed.

The Act of 1943, §1, requires all political subdivisions to refund, after September 1, 1944, taxes which have been "erroneously or inadvertently paid . . . under an assumption that such taxes . . . were due and owing, when in fact such taxes . . . were not due and owing . . ." If the political division refuses refunds, "the aggrieved person or corporation shall have the right to recover the sum involved by instituting an action in assumpsit . . ." Id. §2. The provisions of the Act are "retroactive and effective as to any and all taxes . . . heretofore erroneously or inadvertently paid . . . for a period of not exceeding three years prior to the discovery of such erroneously paid taxes . . ." Id. §3.

On May 16, 1939, the Company applied to the Board of Revision of Taxes for a refund, relying upon Act of July 12, 1935, P.L. 682, (repealed by the Act of 1943, supra, §4) which authorized but did not compel refund of erroneously paid taxes. The refund was refused, and the Company appealed to the common pleas which dismissed the appeal, and held that the Act of 1935 authorized but did not require refunds, did not provide a court appeal, and gave the taxpayer no "right of suit which he may not have had prior to the act." *Appeal of The Pennsylvania Company, etc.,* 36

---

[1] At the argument counsel advised us that, although the county was named as a party, actually the suit is against the city alone. This is supported by the final judgment which was entered solely against the city. We have treated the case accordingly.

D. & C. 212. Although the decision was against the Company, the claim for a refund, and the proceedings thereon, constituted a sufficient demand for a refund of taxes paid during "a period of not exceeding three years prior to the discovery of such erroneously paid taxes . . ." After the enactment of the Act of 1943, that is, on December 24, 1948, the Company renewed its demand, and payment was again refused.

The city tacitly admits that the taxes were erroneously paid, and relies upon laches as its major defense. This is an action in law in a common law court, an assumpsit action expressly authorized by a statute. Laches is a purely equitable doctrine which cannot be maintained in a court of law, unless redress for a violation of an equitable right is sought under common law forms in a court of law. *Transbel Investment Co., Inc., v. Scott,* 344 Pa. 544, 26 A. 2d 205; *Freeman v. Lawton,* 353 Pa. 613, 46 A. 2d 205. In *Girard Trust Co. v. Philadelphia,* 359 Pa. 319, 325, 59 A. 2d 124, where the taxpayer sued in 1946 for taxes paid in 1934, 1935 and 1936, the Supreme Court affirmed a judgment for plaintiff, and stated "Whether the doctrine of laches is to be applied to suits instituted under this Act [of 1943] need not now be decided for clearly the doctrine is inapplicable here." This appeal does not require us to venture an opinion upon a question which the Supreme Court declined to decide. It is enough for us to declare, in the words of that Court, "clearly the doctrine [of laches] is inapplicable here."

To be sure, a long interval of time elapsed between the Company's initial demand in 1939 and its suit in 1949, but the delay was scarcely longer than in the *Girard* case. Possibly, as the city argues, the Company should have appealed from the common pleas decision; or that, after *Hotel Casey Co. v. Ross,* 343 Pa. 573, 23 A. 2d 737, was decided in 1942, it could have resorted to a mandamus proceeding. Certainly it could have insti-

tuted its assumpsit action at an earlier date. But lapse of time, standing alone, is not sufficient to establish laches. A necessary, indeed an indispensable, ingredient of laches is prejudice to the party who asserts it. *Schireson v. Shafer*, 354 Pa. 458, 47 A. 2d 665. Laches will not be imputed to a plaintiff where no injury results to defendant by reason of the delay. *Lutherland, Inc., v. Dahlen*, 357 Pa. 143, 53 A. 2d 143.

This principle was applied in a similar factual situation. In *Longacre Park Heating Co. v. Delaware Co.*, 160 Pa. Superior Ct. 252, 256, 50 A. 2d 706, also a suit under the Act of 1943, the taxpayer was allowed to recover, and we said: "In reality, the lapse of time in the present case has not prejudiced the borough in any respect. It admits the clear error upon which the taxes were paid, and even eleven years is not an unreasonable period within which to bring suit dealing with a subject matter of which the borough, throughout the whole period, had a complete, accurate and permanent public record."

So here the city has not demonstrated prejudice. It has a complete record of the tax payments, and it does not here deny that the payments were made erroneously. It has not parted with any assets by reason of the Company's delay. True, it has spent the money which it exacted from the Company and refused to refund. But its taxing power remains undiminished, and by its exercise it can raise revenue for the refund in 1950 or 1951 as effectually as it could in 1939. Indeed, because of the depressed economic conditions still prevalent in 1939, it was probably advantageous to the city to postpone payment of this obligation. However that may be, the city refused and resisted payment of the refund in 1939, when it was fully authorized to make it, and to that extent contributed to the delay of which it now complains. At all events, if the court below should determine that enforcement of judgments

for refunds will "seriously interfere with the [city's] budgetary allowances", as the able counsel for the city contends, it will exercise its power to control the executions. See *Sinking Fund Commissioners of Philadelphia v. Philadelphia,* 324 Pa. 129, 188 A. 314.

The defense of estoppel was not raised in or considered by the court below, and it is sufficient to state that it rests upon the same facts and circumstances as the laches defense. Likewise, it is unsupported by proof of detriment to the city. The essential element of estoppel, a change of position by the city to its injury in reliance upon the Company's action, is altogether lacking. *Atlantic Refining Co. v. Wyoming Nat. Bk. of Wilkes-Barre,* 356 Pa. 226, 51 A. 2d 719. The city did not shift its position; it merely kept and spent the taxes it had unlawfully taken from the Company. Estoppel is also an equitable defense, and it is not available to avoid the obligation arising from what Judge HIRT justly described as "the unmoral practice under which municipalities, in general, kept and used for municipal purposes, funds however erroneously paid and unlawfully received by them": *Longacre Park Heating Co. v. Delaware Co.,* supra, p. 255.

Judgment affirmed.