## Philadelphia Reserve Supply Co. v.
## Philadelphia School District

*Christopher Branda, Jr.,* and *Barnes, Dechert, Price, Myers & Rhoads,* for plaintiff.

*C. Brewster Rhoads* and *Edward Soken,* for defendant.

SPORKIN, J., October 1, 1956—Plaintiff, a Pennsylvania corporation, brought this suit in assumpsit to recover $1,307.50 representing taxes it paid "erroneously and inadvertently" to Philadelphia School District (a school district of the first class) in the years 1951, 1952 and 1953, under the Act of May 23, 1949, P. L. 1669, 24 PS §584.1 et seq.

This act imposes an annual tax of one mill upon each dollar of receipts of any business conducted for gain or profit within the boundary of a school district of the first class.

Plaintiff bases its action upon section 2 of the Act of May 21, 1943, P. L. 349, 72 PS §5566(c) and section 7(b) of the Act of May 23, 1949, P. L. 1669, 24 PS §584.7.

Plaintiff alleges that during the years for which refunds are sought, it functioned as a coöperative with respect to sales to common stockholders, and was therefore not engaged in business for gain or profit, and thus taxes paid on receipts from its common stockholders should be refunded; further that it is entitled to a refund on certain of its sales to nonstockholders in connection with which plaintiff did not warehouse the merchandise sold, but in each such case had shipments made by wholesalers or producers from outside the State of Pennsylvania to nonstockholder purchasers, and also, in other transactions it acted only as a commission agent, by reason whereof taxes on such sales should be based upon the amount realized in the form of commissions and not be determined by the gross sales out of which the alleged commission was realized.

We deem it unnecessary to determine whether the structure of plaintiff's business or its method of operating would entitle it to a refund of the taxes paid. Accordingly, we will not pass upon the merit of plaintiff's contentions, it being our conclusion that the present action of assumpsit must be dismissed since there is no authority in law for such a suit.

It is indisputable that at common law a voluntary payment of taxes, in the absence of a statute, cannot be recovered: Calvert Distillers Corp. v. Board of Finance & Revenue, 376 Pa. 476, 479 (1954); Girard Trust Co. v. Philadelphia, 359 Pa. 319, 325 (1948); Hotel Casey Co. v. Ross, 343 Pa. 573 (1942); Arrott v. Allegheny County, 328 Pa. 293 (1937).

The two requisites for a common law action for a refund are: (1) That the tax is void; and (2) that the payment was made under compulsion: Wilson v. Phila-

delphia School District, 328 Pa. 225, 243 (1937). Neither requisite is present here.

The pertinent portions of the Act of 1943, relied upon by plaintiff, are set out in the footnote.[1]

The Act of 1943, by its very language, applies only to " . . . taxes on real or personal property, or any license fee or fees . . . " The tax in the instant case is neither a real nor a property tax nor a license fee, but rather is an excise tax: National Biscuit Co. v. Philadelphia, 374 Pa. 604, 613 (1953).

Conceding, arguendo, that the tax paid by plaintiff was a real or personal tax or license fee, the requirement under the Act of 1943 that the tax be paid "erroneously and inadvertently" has not been met. See Pittsburgh Coal Co. v. Forward Township School District, 366 Pa. 489 (1951).

The reasoning of the majority opinion in the recent case of Wilson and Company, Inc., v. Pittsburgh, 103 Pitts. L. J. 353 (1955), which plaintiff has submitted to sustain its position, does not commend itself to us.

---

[1] Act of May 21, 1943, P. L. 349, sec. 1, 72 PS §5566b provides:

"Whenever any person or corporation of this Commonwealth has erroneously or inadvertently paid . . . to . . . any political subdivision . . . any tax or taxes on real or personal property, or any license fee or fees, under an assumption that such taxes or license fees were due and owing, when in fact such taxes or license fees . . . were not due and owing to the political subdivision, . . . the authorities of the political subdivision, upon due proof of any such erroneous or inadvertent tax or license fee payments, are hereby directed . . . to make refund out of the public funds of such tax or taxes or license fee or fees. . . ."

Section 2, 72 PS §5566c, provides:

"In the event of refusal or failure on the part of the authorities of the political subdivision involved to make any such refund of taxes or fees so erroneously paid . . ., then the aggrieved person or corporation shall have the right to recover the sum involved by instituting an action in assumpsit in any court of competent jurisdiction within the county wherein such political subdivision is located."

Nor does plaintiff's present suit in assumpsit find support in the Act of 1949,[2] inasmuch as this act confers no right to institute an action of assumpsit for refund of taxes. The language of this statute is unmistakably clear in that it provides for an "appeal", which procedure is fully prescribed in rule 1(a) of the rules of the Courts of Common Pleas of Philadelphia.

Accordingly, there being no basis under the law for this action in assumpsit, the court finds for defendant.

---

[2] Section 7(b): "The collector is hereby charged with the enforcement of the provisions of this act and is hereby empowered to prescribe, adopt, promulgate and enforce rules and regulations relating to any matter pertaining to the administration and enforcement of this act, including provisions for the re-examination and correction of returns and payments alleged or found to be incorrect or as to which an overpayment is claimed or found to have occurred. Any person aggrieved by any decision of the collector shall have the right of appeal to the court of common pleas, as in other cases."