## Hughes v. Gilberton Coal Co.

*Penrose Hertzler*, for appellant.
*Hiram Bloom*, for Commonwealth.

CURRAN, J., September 22, 1958.—On June 7, 1957, claimant, George Hughes, filed his claim petition alleging that he became totally disabled as a result of anthraco-silicosis on May 29, 1957. The Commonwealth of Pennsylvania, codefendant, filed its answer to the petition on June 25, 1957, and defendant, Gilberton Coal Company, filed its answer to the petition on July 15, 1957. Thereafter a hearing was held before the referee at Pottsville on November 27, 1957, and claimant produced medical testimony to establish

his total disability. At no time during this entire proceeding was it ever established or even alleged that claimant was not totally disabled. In fact it is admitted by all parties defendant that claimant was totally disabled as a result of anthraco-silicosis on the date alleged in the petition.

At the conclusion of this hearing, counsel for the Commonwealth moved for dismissal of the petition and disallowance of an award for noncompliance with rule 8 of the workmen's compensation board, since no medical report was supplied to the Commonwealth by defendant-employer or its insurance carrier. This motion was overruled by the referee and on January 20, 1958, an award was entered in favor of claimant in the amount of $37.50 a week, not to exceed $10,000, against the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Workmen's Compensation. On February 10, 1958, the Commonwealth filed its appeal to the workmen's compensation board on the basis that no award could properly be made under the Occupational Disease Act, as amended, until rule 8 was complied with.

The board set aside the award of the referee because of the noncompliance with rule 8, and the insurance carrier and intervening defendant, Old Republic Insurance Company, appealed to this court. In its opinion the board accepted the constitutionality of the latest amendment to The Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, as amended February 28, 1956, P. L. 1095, 77 PS §1414. This most recent amendment was approved July 15, 1957, and became effective 30 days after that date. The board also took the position that rule 8 was properly adopted by virtue of this amendment and must be complied with.

The appeal to this court raises the questions of the constitutionality of the amendment of July 15, 1957,

P. L. 935, and the authority of the board to adopt rule 8. It is alleged that the title to the amendatory act is defective because it gives no notice of imposing any new obligation upon an employer or its insurance carrier and that the board exceeded its authority in promulgating rule 8 because it is substantive rather than procedural. Briefly stated, the amendatory act gives the Commonwealth the same right as the employer to have a claimant examined by a physician of its choice, which right the employer alone previously had. Rule 8, as adopted by the board, requires the employer to have claimant examined and provide the Commonwealth with a report of the examination of the physician. This appears to be an attempt by the board to impose the Commonwealth's right upon the employer as an obligation, and its authority to do so is doubtful. However, this question need not be decided at this time because the amendatory act and consequently rule 8 have no application to the present claim.

Claimant became totally disabled on May 29, 1957, and commenced his action on June 7, 1957. The amendatory act became effective 30 days after July 15, 1957. Thus, the cause of action arose and the suit was commenced prior to the effective date of the amendatory act. In order to be applicable to this claim, the provisions of the amendatory act would have to be applied retroactively. This is also true of the provisions of rule 8 which was promulgated as a result of the amendatory act and effective the same date.

The Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 56, 46 PS §556, provides: "No law shall be construed to be retroactive unless clearly and manifestly so intended by the Legislature." Section 73, 46 PS §573, of the same act, provides: "Whenever a section or part of a law is amended, the amendment shall be construed as merging into the original law, become a part thereof, and replace the

part amended and the remainder of the original law and the amendment shall be read together and viewed as one law passed at one time; but the portions of the law which were not altered by the amendment shall be construed as effective from the time of their original enactment, and the new provisions shall be construed as effective only from the date when the amendment became effective." See also Girard Trust Company v. Philadelphia City and County, 359 Pa. 319, 59 A. 2d 124; Longacre Park Heating Co. v. Delaware County, 160 Pa. Superior Ct. 252, 50 A. 2d 706.

Both the Statutory Construction Act and the above cases clearly provide that no statute or amendment will be applied retroactively unless such statute or amendment states by express language of the legislature that it is to be applied retroactively. No distinction is made between substantive or procedural acts. The language of this amendatory act does not give any indication whatsoever that its provisions are to be applied retroactively, and in the absence of a clear intention of the legislature, the amendatory act will not be so applied. Consequently, rule 8, which was based upon this amendatory act, cannot be applied to the present claim, whether the rule is substantive or procedural in nature, because it cannot exceed beyond the amendatory act itself. Since claimant is in all other respects entitled to the disability benefits of the Occupational Disease Act, the order of the workmen's compensation board must be reversed and the award of the referee reinstated.

And now, September 22, 1958, the appeal is sustained, the order of the workmen's compensation board setting aside the award of the referee is reversed, and judgment is entered in favor of claimant, George Hughes, and against defendant, Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Workmen's Compensation, as follows: De-

fendant, Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Workmen's Compensation, is ordered and directed to pay compensation to claimant, George Hughes, at the rate of $37.50 per week, beginning May 29, 1957, to September 22, 1958, covering a period of 69 weeks, in the total amount of $2,587.50, and continuing at the rate of $37.50 per week until the total amount of $10,000 has been paid in accordance with the act. Interest at the rate of six percentum per annum is payable in accordance with the act.