## Tenox Corporation v. Tax Review Board

*George T. Steeley*, for appellant.

*Karl I. Schofield*, for appellee.

BROWN, JR., P. J., April 20, 1961.—This is an appeal from a decision of the Tax Review Board of the City of Philadelphia.

Appellant, the owner of premises 1535-39 North Tenth Street, Philadelphia, filed a petition for refund with the Revenue Commissioner of Philadelphia on the ground that real estate taxes for the year 1950 were paid twice, that $1,867.29 was paid on April 20, 1950,

and that on August 3, 1950, the sum of $1,905.01 was paid on account of the identical tax liability, including a penalty of $18.86. After the Revenue Commissioner denied the petition an appeal was filed with the Tax Review Board.

At the hearing before the Tax Review Board, appellant presented evidence to show that it had made the duplicate payments erroneously and inadvertently. In its opinion dismissing the appeal, the board stated that the claim for refund was based on a double payment.

"However, more than six years elapsed from the time of payment until the filing of the petition for refund and consequently this appeal is dismissed for failure of the taxpayer to comply with the requirement of Section 19-1703 (1) of the Code of General Ordinances which states that every petition for refund 'shall be filed with the Department of Collections within six (6) years from the date of payment to the city.' "

"Whenever any person or corporation of this Commonwealth has paid or caused to be paid, or hereafter pays or causes to be paid, into the treasury of any political subdivision, directly or indirectly, voluntarily or under protest, any taxes of any sort, license fees, penalties, fines or any other moneys to which the political subdivision is not legally entitled; then, in such cases, the proper authorities of the political subdivision, upon the filing with them of a written and verified claim for the refund of the payment, are hereby directed to make, out of budget appropriations of public funds, refund of such taxes, license fees, penalties, fines or other moneys to which the political subdivision is not legally entitled. Refunds of said moneys shall not be made, unless a written claim therefor is filed, with the political subdivision involved, within two years of payment thereof.

"The right to a refund afforded by this act may not be resorted to in any case in which the taxpayer involved had or has available under any other statute, ordinance or resolution, a specific remedy by way of review, appeal, refund or otherwise, for recovery of moneys paid as aforesaid, unless the claim for refund is for the recovery of moneys paid under a provision of a statute, ordinance or resolution subsequently held, by final judgment of a court of competent jurisdiction, to be unconstitutional, or under an interpretation of such provision subsequently held by such court, to be erroneous": Act of May 21, 1943, P. L. 349, sec. 1, as amended by the Act of June 21, 1957, P. L. 381, sec. 2, 72 PS §5566b.

"In the event of refusal or failure on the part of authorities of the political subdivision involved to make any such refund of taxes, license fees, penalties, fines or other moneys to which the political subdivision is not legally entitled, then the aggrieved person or corporation shall have the right to bring suit for and recover any such taxes, license fees, penalties, fines or other moneys to which the political subdivision is not legally entitled, subject to the limitation herein provided, by instituting an action in assumpsit in the court of common pleas of the county wherein such political subdivision is located": Act of May 21, 1943, P. L. 349, sec. 2, as amended by the Act of June 21, 1957, P. L. 381, sec. 2, 72 PS §5566c.

At the time when the taxes sought to be recovered in this proceeding were paid, which was prior to the amendment of 1957, there was in the Act of 1943 no specific requirement of lack of an alternative remedy or that a written claim for refund be filed within two years of payment. Nor was there any provision in the act expressly limiting the time within which to bring an action for the recovery of taxes previously paid, although it was specified that the action should be in

assumpsit. It should be noted that the Act of 1943 was applicable to all taxes and fees paid "for a period of not exceeding three years prior to the discovery of such erroneously paid taxes and fees": Act of May 21, 1943, P. L. 349, sec. 3, 72 PS §5566d. This section was repealed by the Act of April 4, 1956, P. L. (1955) 1388, sec. 2.

Reliance is placed by appellant on Girard Trust Co. v. Philadelphia, 359 Pa. 319, where it was held that recovery should be permitted in an action in assumpsit brought in 1948 by a taxpayer under the Act of May 21, 1943, to recover for taxes paid in 1934, 1935 and 1936. That decision is not, however, determinative of the issues presented in the present proceeding. In that case, the taxpayer brought an action in assumpsit as provided for in the Act of Assembly, while in the instant case, no such action was brought. Also, the right to bring the action in Girard was not barred by any statute of limitations, whereas since that decision, the Act of May 21, 1943 has been amended to its present form by the Act of June 21, 1957, so as to bar any right to a refund "unless a written claim therefor is filed . . . within two years of payment" of the taxes in question. Under the statute prior to its amendment, there was doubt as to the limitation of action for the refund of taxes erroneously paid: Longacre Park Heating Co. v. Delaware County, 160 Pa. Superior Ct. 252, 256; Consolidated Dressed Beef Co., Inc. v. City of Philadelphia, 79 D. & C. 113, 116-17; Leeds v. Montgomery County, 2 D. & C. 2d 697, 704. The statute as amended, however, clearly bars the right to recover taxes paid, as in the instant proceeding, over eight years prior to the claim or demand for refund.

Even if the prior statute had no limitation on the time for bringing actions under it, there is no valid reason to conclude that the legislature could not impose a limitation. "No one has a vested right in a sta-

tute of limitations or other procedural matters. The legislature may at any time alter, amend or repeal such provisions without offending constitutional restraints. So long as there is no omission of a remedy for the enforcement of a right for which a remedy existed when the right accrued, a want of due process is in no way involved: see Gibbes v. Zimmerman, 290 U. S. 328, 332. . . .": Agostin v. Pittsburgh Steel Foundry Corp., 354 Pa. 543, 549.

In any event, it is clear that taxes voluntarily paid cannot be recovered in the absence of a statute authorizing the same: Hotel Casey Company v. Ross, 343 Pa. 573. It is axiomatic that where a statute provides a right or a remedy which does not otherwise exist at common law, the right must be asserted or the remedy utilized in conformity with the statute by which it is created. As has been noted, the statute, which authorizes the refund of taxes over paid, provides that this right depends, or is conditioned on the lack of a specific remedy "under any other statute, ordinance or resolution," which the taxpayer "had or has available," for the recovery of moneys paid erroneously. Consequently, the existence of the Philadelphia ordinance, which provides for refunds of taxes, if petition therefor is filed "within 6 years from the date of payment to the City," effectively prevents appellant from resorting to the provisions of the act of assembly. That there need not be an alternative remedy presently available is apparent from the use of the past as well as the present tense in referring to the availability of other legislation for the recovery of moneys paid. Hence, the fact that appellant may have lost his rights under the Philadelphia ordinance is not controlling because, if timely resorted to, the remedy was undoubtedly available.

It appears that appellant seeks to take advantage of the rights and procedure of the Philadelphia ordin-

ance while disregarding its limitations, and, at the same time, to pursue the rights granted by the act of assembly on the subject without regard to the conditions and requirements contained in the act. Of course. it cannot do this.

Therefore, the appeal is dismissed.