### Zambelli v. Neshaminy School District

*Daniel J. Lawler,* for plaintiffs.
*Jack Sirott,* for defendants.

MIMS, *J.,* January 10, 1978—This matter is before the undersigned for disposition of preliminary objections under Bucks County Pa.R.C.P. *266.

Defendants have filed preliminary objections to the complaint requesting that it be stricken for failure to comply with rules of court. Defendants contend that the naming of the individual Neshaminy School Board Directors as party defendants along with the school district itself violates Pa.R.C.P. 2102(b). That rule provides, in pertinent part, that "[a]n action *shall* be brought by or against a political subdivision in its name." (Emphasis supplied.) In the instant case, defendants' objection in that respect is well taken.[1] Accordingly, defendants motion to strike plaintiffs' complaint against all parties except the Neshaminy School District is granted.

The second preliminary objection raises the issue of equity jurisdiction by arguing the availablility of two specific legal remedies available to plaintiffs. Defendants argue that the Act of May 21, 1943, P.L.

---

1. See also Act of March 10, 1949, P.L. 30, art. II, sec. 213, 24 P.S. §2-213. See Hoenninger v. Lancaster School Directors, 22 Lanc. 199 (1905), where similar language in the preceding School Code was interpreted to require actions against the school district to be brought in the corporate name rather than in the names of the school directors.

349, sec. 1, as amended, 72 P.S. §5566(b), provides a refund procedure for any taxes paid to which the taxing authority is not legally entitled. And they further contend that the Act of December 31, 1965, P.L. 1257, sec. 6, as amended, 53 P.S. §6906, provides a statutory method for appealing the adoption of taxing resolutions. A review of these particular statutes indicates that the first one providing for a procedure for refunds for improperly paid taxes does not provide a procedure to determine whether the tax is or is not lawful. Consequently, it merely deals with the procedural aspects without commenting on the substantive question. According to Longacre Park Heating Co. v. Delaware County, 160 Pa. Superior Ct. 252, 50 A. 2d 706 (1947), the purpose of that section is to impose upon municipalities standards of common honesty in relation to the collection of taxes. Where municipalities collected taxes under a mistake of law, that statute compelled the municipality to make the refund.

The Act of December 31, 1965, supra, provides for the expeditious determination of challenges to the validity of taxing enactments. The limitations built into the section is that taxpayers may appeal the procedure by which an ordinance was adopted within 30 days of its enactment. This procedure is parallel to that allowing for appeals from procedural defects in the enactment of most, if not all, municipal ordinances. The questions raised in the instant matter go to the substance of the ordinance and are, therefore, not controlled by the statute as alleged by defendants. See Wm. Penn Parking Garage, Inc. v. City of Pittsburgh, 464 Pa. 168, 346 A. 2d 269 (1975).

Defendants raise a more serious question relative to the appropriateness of equity jurisdiction on the constitutional issues. There must not only be an

absence of an adequate remedy at law, but there must be a clear constitutional question. In commenting on this specific question in the City of Philadelphia v. Kenny, 28 Pa. Commonwealth Ct. 531, 369 A. 2d 1343 (1977), Judge Kramer stated as follows, at page 548:

". . . A 'mere allegation' of unconstitutionality is not sufficient. Even if the Greentree exception to the exhaustion rule could be applied to defenses in actions on the law side, we conclude that the threshold requirements would be no less and that the bare allegation of unconstitutionality by appellants is not sufficient to set forth a 'substantial question of constitutionality.'"

However, plaintiffs have set forth numerous grounds based upon the unconstitutionality of the tax, and since we are required to accept those well-pleaded facts along with all reasonable inferences that flow therefrom, we are constrained to find that there are sufficient allegations in the complaint to raise constitutional questions and thereby bring the matter within equity jurisdiction.

Defendants' preliminary objection in the nature of a demurrer, alleging that plaintiffs have no standing to bring the instant action, must likewise be dismissed. Plaintiffs have alleged that they reside within the tax district and are liable for, and aggrieved by, the imposition of the unconstitutional tax. In order to have standing, the individual's interests must have substance and there must be some discernable adverse effect to his interest by the actions of which he complains. See Wm. Penn Parking Garage, Inc. v. City of Pittsburgh, supra. We must, therefore, dismiss that particular preliminary objection.

The last objection filed by defendants is a motion

to strike for lack of conformity to Pa.R.C.P. 1019(h). Plaintiffs failed to attach a copy of the resolution to their complaint and failed to state the reasons why said documents were not attached. We will grant defendants' preliminary objection in that respect and, therefore, enter the following

## ORDER

And now, January 10, 1978, defendants' motion to strike the complaint against Neshaminy Board of School Directors, Harold E. Watkins, Jacqueline Herr, James L. Betz, Leon De Voy, John Diamond, Irwin Kaplan, Donald Markol, Clement P. Piscitelli, Steven E. Schoenstadt, Diane B. Davis, Robert Saunders, G. Paul Caracappa, Harriet W. Black, Ida J. Damerau and Lois E. Forsyth is hereby granted. Defendants' motion to strike for failure to comply with Pa.R.C.P. 1019(h) is granted.

Defendants' preliminary objections numbered 2, 3, 4, 5, 6 and 7 are hereby overruled, denied and dismissed.

Plaintiffs are given leave to file an amendment to their complaint to comply with Pa.R.C.P. 1019(h) and Pa.R.C.P. 2102(b) within 20 days.

Defendant, Neshaminy School District, is given leave to file an answer to the amended complaint within 20 days after receipt of the amended complaint.