138

## Stroudsburg Area School District v. Vito Construction Company, Inc.

*Mark S. Love,* for plaintiffs.
*Roger D. Susanin,* for defendants.

THOMSON, *J.,* January 16, 1981—The above controversy involved a suit by plaintiffs, Stroudsburg Area School District and Stroudsburg Area School Authority, for damages allegedly sustained as a result of improper construction of a roof in a school building by virtue of a contract between plaintiffs and defendant Vito Construction Company. The complaint of plaintiffs also seeks to establish liability against defendant United Pacific Insurance Company by virtue of a performance bond obtained by Vito in connection with the said construction.

Thereafter, answers and new matter were filed by both of the said original defendants, the new matter setting up affirmative defense of laches and as to defendant United Pacific, the statute of limitations. Plaintiffs have filed preliminary objections to the said new matters, which are now before us for resolution.

## I. Motion to Strike New Matter

Plaintiffs have moved that the numbered paragraphs in the new matter of both defendants setting up a defense of laches be stricken. We feel that this motion is well founded.

It is well established that laches is purely an equitable defense, which cannot be maintained in a court of law, unless redress for violation of equitable rights is sought thereby: Pa. Co. for Banking and Trust v. Philadelphia, 167 Pa. Superior Ct. 637, 76 A. 2d 443 (1950).

The within action is one for damages for faulty construction. Hence, it is not one to "redress equitable rights" within the aforesaid rule. We find this to be equally true as to both defendants herein, despite defendant United Pacific's claim that the action is one for "specific performance of a bond" and, hence, equitable in nature. No authority for this proposition is cited therein, and we give it no credence as we find that it defies both logic and law.

We also reject the proposition that this rule has been changed by Pa.R.C.P. 1030. This rule, is, as plaintiffs have argued, procedural only, and does not change or enlarge substantive rights of parties under the law.


## II. Plaintiffs' Demurrer to New Matter of Defendant United Pacific—Statute of Limitations

Plaintiffs have interposed a demurrer to the new matter of defendant United Pacific stating that the defense of statute of limitations is inapplicable and asking that the said defense be "dismissed."

Defendant United Pacific has chosen not to answer the merits of this contention, but to argue only

that an improper procedure has been utilized. We would agree that procedure is an important consideration and would urge that all counsel appearing before us familiarize themselves thoroughly with the procedural rules in order that arguments such as this be minimized. However, we believe that here plaintiff could have moved to strike this defense, just as it did with that of laches. We are, as we have noted often in previous opinions, loath to strike or dismiss a motion or other pleading merely because it has been improperly captioned or designated. Defendant United Pacific, based on the argument presented, would have us do exactly that herein. We have examined plaintiffs' argument and would agree with their contention, especially in the absence of counter-argument by United Pacific, that the cause of action of plaintiffs is *not* barred by the statute of limitations. Hence, we will treat plaintiffs' "demurrer" as a motion to strike and grant relief accordingly.

Based upon the above discussion, we will enter herewith the following

## ORDER

And now, January 16, 1981, plaintiffs' motions to strike new matter of defendants Vito Construction Co., Inc. and United Pacific Insurance Co., designated preliminary objection I therein, and plaintiffs' "demurrer" raising an objection to the defense of statute of limitations against defendant United Pacific Insurance Co., designated objection III are hereby granted, as modified. Paragraph no. 21 of the new matter of defendants Vito Construction Co., Inc. and United Pacific Insurance Co., and Paragraph no. 22 of new matter of defendant United Pacific Insurance Co., are, therefore, ordered stricken.