**Cook v. City of Philadelphia**

*Pro Se,* for plaintiff.
*Anne B. Taylor,* for defendant.

FOX, *J.,* July 9, 2012—OPINION

Appellant Samuel Cook (Cook) appeals this court's order of April 25, 2012, which granted the city of Philadelphia Risk Management Department's (city) motion to quash and dismissed Cook's appeal from the decision of a risk management department claims adjuster. The adjuster had decided that Cook was not entitled to compensation for belongings lost when the city demolished his house.

## FACTUAL and PROCEDURAL HISTORY

Cook's appeal arises out of the city's demolition of a house owned by Cook and located at 3211 North Carlisle Street (property). After having issued numerous code violations for the condition of the property, the city filed an action against Cook requesting that the property be demolished because it was in eminent danger of collapse. At the conclusion of that case,[1] the court entered an order directing Cook to vacate the property and authorized the city to demolish the structure. The city demolished the structure, and Cook subsequently made a claim against the city for the value of certain personal property which he alleged was still in the property at the time of demolition.

Claims for personal injury and property damage against the city are evaluated by the city risk management department ("RMD"). The RMD assigns a claim adjuster

---

1. *City of Philadelphia v. Cook,* May term 2009, no. 3040.

to assess the merit of the claim and negotiate a settlement of meritorious claims. The RMD decision is not binding and does not have any particular legal effect.

Once Cook filed a claim form with the RMD, the RMD assigned claims adjuster Jerome Brisbon to evaluate Cook's claim. Brisbon concluded that Cook's claim was not meritorious and did not settle the claim with Cook. In a letter dated September 7, 2011, Brisbon explained that his decision was based on the fact that the property was properly demolished pursuant to a court order and Cook was given notice and time to remove his personal property from property before demolition commenced. The instant appeal is purportedly taken from this RMD determination not to settle as articulated in Brisbon's September 7, 2011 letter.

## DISCUSSION

Because the RMD is not an "agency," and because Brisbon's September 7, 2011 letter was not an "adjudication,"' Cook cannot maintain an appeal therefrom and this court's order quashing Cook's appeal should be affirmed.

A court's jurisdiction cannot be simply taken as a given. "Jurisdiction must be clearly conferred; it cannot be assumed by implication." *Arrott v. Allegheny County*, 328 Pa. 293, 295, 194 A, 910, 911 (1937). This court can therefore only entertain a challenge to an RMD decision if some authority confers jurisdiction for such a challenge. Because the local agency law does not confer such authority on this court, and because Cook points to no other authority in his brief and memorandum, this court

correctly found that it was without authority to review the RMD's decision.

The local agency law provides that "[a]ny person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure)." 2 Pa.CS. § 752. This does not however, empower the court to review RMD decisions because the RMD is not an agency within the meaning of the statute, and because the departmental decisions about the merit of claims against the city are not "adjudication[s]." In *DeSivo v. Pa. State Police*, the commonwealth court interpreted an analogous provision of the administrative agency law and found that the Pennsylvania State Police's internal affairs division (IAD) was not an "agency" from which an appeal could be taken when the IAD declined to recommend that charges be brought against a certain trooper. 919 A,2d 361, 364 (Pa, Cmwlth. Ct. 2007). The court reasoned that "the IAD is not a[n]... agency that renders final appealable orders; all it can do is recommend that charges be brought, and it does not have the power to impose sanctions that would make anyone aggrieved as a result of its findings." *Id.* Like the IAD, the RMD does not render any "order," nor does it have any power to impose sanctions or alter the legal status of individuals or entities. The reasoning of *DeSivo* applies equally here, and decisions of the department's claims unit are therefore not appealable.

Even if the RMD were an "agency" within the meaning of the local agency law, the decisions of its

claims adjusters regarding whether or not to compensate claimants are not appealable because those decisions are not "adjudication[s]." Under the local agency law, only "adjudication[s]" may be appealed. 2 Pa.C.S. § 752. In essence, to constitute an "adjudication," "the order or action of the agency, board or commission must be judicial in nature and final." *Manheim Township School Dist v. State Board of Education*, 276 A.2d 561, 564 (Pa. Cmwlth. Ct 1971).

In *In re Scranton*, the commonwealth court considered an appeal of the scranton planning commission's finding that a certain area should be designated as "blighted." The court held that a finding of blight was not an "adjudication" under the local agency law. 572 A.2d 250, 253 (Pa. Cmwlth. Ct 1990). In so finding, the court reasoned that:

> This finding [of blight] authorizes the redevelopment authority to study an area that may or may not result in the enactment of a redevelopment plan. When the proposed plan, as prepared by the redevelopment authority, is ultimately presented to the governing body, the governing body is free to reject the plan on any ground, including a belief that conditions in the project area do not warrant the redevelopment of the area. Unless the governing body approves the plan, the planning commission's certification of blight and the redevelopment authority's approval of the plan are merely beginning and middle to a process that will have no end.

*Id.* [internal citations omitted].

Just as in Scranton, an RMD claim adjuster's decision

does not change the legal status or legal rights of either the claimant or the City. The fundamental logic of Scranton — that agency decisions which do not bind parties or change legal rights — means that, as in this case, the claim adjuster's decision cannot be considered an appealable "adjudication" either. Since the RMD is not an "agency" within the meaning of the local agency law, and since the decisions of its claims adjusters are not "adjudications,' they are not appealable under the local agency law.

This does not leave Cook without a remedy. If Cook feels that the city wrongfully destroyed his personal property, then he has the option of pursuing a legal claim against the city. Since it was not an adjudication, the determination of the RMD's claims adjuster that Cook's claim did not have merit has no preclusive or binding effect and does not prevent Cook from filing an action against the city. Cook may be owed compensation for his property; however, he cannot pursue that compensation through an agency appeal.

For these reasons, this court's order of April 25, 2012 granting the department's motion to quash should be affirmed.