# Welsh v. The Wilkes-Barre Board of Education

*Robert M. A. Ronky*, for petitioners.

*John W. McCormick*, for respondents.

BIGELOW, J., May 29, 1968.—Plaintiffs, 58 professional teaching or supervisory employes of the School District of the City of Wilkes-Barre, instituted this action by petition for declaratory judgment filed August 10, 1967. Defendants, The Wilkes-Barre Board of Education filed an answer thereto together with new matter on August 24, 1967. Plaintiffs filed their reply to said new matter on September 15, 1967. Counsel for the respective parties entered into a "stipulation of counsel" filed February 13, 1968. The matter was listed as a civil trial without jury and was called for trial on May 20, 1968, before Bigelow, J. At the appointed time on the trial day counsel for the respec-

tive parties argued their respective positions in accordance with the aforesaid stipulation of counsel, the first three paragraphs of which are hereinafter quoted:

"1. The pleadings of the parties notwithstanding, the plaintiffs and defendants, through their counsel, stipulate and agree that the issue of this case is set forth below.

"2. It is further agreed that the parties shall submit briefs to the Court and will participate in oral argument at the convenience of the Court.

"3. The issue in this case is whether or not, under Act No. 405 of 1965, Section 2 (24 PS 11-1142, para. (a)), the defendants, the Wilkes-Barre School District, in placing plaintiffs on steps of the salary schedule, must give credit for salary steps achieved by the plaintiffs, not only by experience in the district, but also by agreement in the employment contracts".

Following the recitation in the stipulation of counsel of three distinct factual situations involving length of service in the district and credit for previous service awarded by the employment agreement, the stipulation of counsel concludes:

"WHEREFORE, counsel for plaintiffs and counsel for the defendants request your honorable court to make a determination upon the issue set forth in the pleadings and clarified by this stipulation".

The facts of the matter, unresolved by the pleadings, and particularly that issue raised in paragraph 3 of the petition relative to the starting salary of each of petitioners, proof whereof was demanded by defendants in their answer, are presented to the court, not by testimony or exhibits, but by paragraph 4 of the stipulation of counsel, as follows:

"4. The issue and the positions of the parties is contained in the following three examples of factual situations which are representative of the claims of

the plaintiffs all of whom are included in one of the following three examples: . . . ".

The statutory provisions applicable to these matters (and referred to in the pleadings as Act No. 405 of 1965) are set forth in 24 PS §11-1142(a) to (f), and are the provisions of section 2 of the Act of December 9, 1965, P. L. 1057 (effective July 1, 1965), amending section 1142 of the Act of March 10, 1949, P. L. 30, art. XI, as amended. Subsection (a) is as follows:

"(a) Except as hereinafter otherwise provided, all school districts and vocational school districts *shall pay all regular and temporary teachers, supervisors,* teachers of classes for exceptional children and principals in the public schools of the district the minimum salaries and increments for the school year 1965-1966 and each school year thereafter, as provided in the following tabulation *in accordance with* the column in which the professional employe is grouped and *the step which the professional employe has attained by agreement or by years of experience within the school district whichever is higher, each step after step a constituting one year of service"*. (Italics supplied.)

Subsection (b) establishes groupings of professional employes, from Class 1 through Class 20, based upon certification, degree status and where applicable, number of teachers supervised. Subsection (c) establishes the minimum salary schedule in tabular fashion by class of professional employe (1 through 20) and "steps" ("A" through "K"). Subsection (d) refers to principals, supervising principals and vocational teachers in Classes 9 through 20 holding a Master's degree. Subsections (e) and (f) are as follows:

"(e) *The mandated salaries provided in this section shall be applicable to all professional and temporary professional employes within their respective*

*class.* The annual salaries payable under this section *for the school year 1965-1966, and each school year thereafter, shall include an annual service increment for service in the school district during the previous school year by advancing the salary of the professional or temporary professional employe to the next higher step on the minimum salary schedule from the step attained by the employe in the previous school year or the step in which he was entitled to be placed by virtue of years of experience within the school district, whichever is higher".* (Italics supplied.)

"(f) Where the difference between the salary earned by a professional or temporary professional employe for the school year 1964-65 and the salary to which such employe is entitled in accordance with the foregoing provisions of this section exceeds nine hundred dollars ($900), such employe shall be paid for the school year 1965-1966 an amount at least nine hundred dollars ($900) in excess of the salary paid in the previous year, and such employe shall receive for the school year 1966-1967 and thereafter, not less than the full minimum salary provided under the foregoing provisions of this section".

Three examples are set forth in the stipulation of counsel. These will be considered seriatim.

*"EXAMPLE 1"*

"Teacher 'A' had five years experience outside of Luzerne County. The Wilkes-Barre District hired teacher 'A' at a salary above the minimum which was the same salary paid to a teacher with two years local experience. Two years after teacher 'A' was hired by the Wilkes-Barre District, Act No. 405 went into effect".

*"QUERY"*

"Upon what step of the salary schedule should teacher 'A' be placed by the Wilkes-Barre District under Act 405?"

*(stipulation of counsel, p. 2).*

At argument it was agreed that this litigation is not concerned with the dollar amounts of the minimum salaries set forth in the schedule in subsection (c) of this act, as the Wilkes-Barre School District Salary Schedule exceeds the minimums mandated by the Act. The issue is whether teacher "A" should be paid in accordance with "Step No. 5" (as claimed by plaintiffs) or "Step No. 3" (as claimed by defendants). This issue will be resolved by the determination of whether or not the two-year credit awarded this teacher when his contract of employment was executed shall survive Act No. 405 or whether this teacher is entitled only to the years of service within the Wilkes-Barre School District in establishing the "step" in the Wilkes-Barre Salary Schedule applicable to his status. Whatever the reason may have been for the award of the two years increment to this teacher when he was hired by the school district, it became part of the contract of employment, and thus part of the determination of the "step . . . attained by agreement". Equating a year's "local experience" (as stated in the stipulation) with "one year of service," Section 1142 (a), supra, in this example, in each year beginning with the school year 1965-1966 the professional employe is entitled "to the next higher step on the minimum salary schedule from the step attained by the employe in the previous school year", Section 1142(e), supra, in this example the original two years' increments awarded by the employment agreement plus the two increments for the two years of service in 1963-1964 and 1964-1965, and thus the next higher "step" would be "Step No. 5". To conclude otherwise would require the court to ignore the clear phrase of subsection (e) which establishes *the higher* of "the step attained" or "the step in which he was entitled to be placed by virtue of years of experience within the school dis-

trict" as the base upon which the 1965-1966 minimum salary must be computed.

As the court is called upon to construe subsection (a), supra, this necessarily requires a consideration of related provisions of the Public School Code of March 10, 1949, P. L. 30, 24 PS §1-101, et seq., as amended: Act of May 28, 1937, P. L. 1019, art. IV, sec. 62; 46 PS §562. In this context, section 1149, 24 PS §11-1149, is relevant, and is as follows:

"The increments herein provided for are applicable only where the beneficiaries thereof remain in the service of the same school district. *Where such teachers enter a new district they shall enter at a point in the schedule to be agreed upon between said teachers and the employing districts, which agreements shall be made a part of the contract between them*". (Italics supplied.)

Teacher "A" having had certain experience outside of the Wilkes-Barre District, was hired at a salary level crediting him with two years' service in the district. Section 1149 clearly made this credit part of the contract of employment and thus established the point at which he entered the salary schedule. Furthermore, section 1150 of the Public School Code of March 10, 1949, supra, 24 PS §11-1150 requires the board of school directors of each district to establish a salary schedule with increments for all teachers and supervisors not included in the schedules established by preceding sections of the code. In the application of this section to teachers having teaching experience outside of the district, not included in said preceding sections, the Wilkes-Barre District hired teacher "A" as if he had acquired two years of service in that district and thus established the point at which he entered the increment system. The salary of a teacher is governed by the contract entered into by the teacher and the school district into which are read the existing

laws: Johnson v. United School District Joint School Board, 201 Pa. Superior Ct. 375. To assign to teacher "A" the "step" in the salary schedule after two years of service in the district to which he would have been entitled if he had been employed without any credit for previous teaching experience outside of the district would permit the district either to rewrite the original agreement of the parties to the contract and to thereby ignore the two years' credit given in the original employment contract or to ignore the two years' service actually earned by the teacher subsequent thereto. In either event this action would circumvent the proper operation of the established salary schedule which is required by the contract mandated in section 1121 of the Public School Code of March 10, 1949, as amended, 24 PS §11-1121. If the Wilkes-Barre District had hired teacher "A" without the bonus or premium of placing him in a higher salary category than the then applicable salary schedule required, i.e., if he had been hired at the minimum allowable salary and not at the same salary level as that required to be paid a teacher after two years of service in the district, then the position of the district that after two years' service that teacher is to be in the third "step" of the applicable salary schedule would be sound.

For the reasons set forth above the court concludes that the query with regard to teacher "A" should be answered as follows: teacher "A", having been employed by the Wilkes-Barre School District at an initial salary payable by the terms of the Wilkes-Barre School District salary schedule to a teacher having had two years' experience in the Wilkes-Barre School District, upon the effective date of Act No. 405, July 1, 1965, teacher "A" on that date having completed two years of service to the district in addition to the two years' credit for teaching service outside of the Wilkes-Barre School District given in the contract by

which he was employed by the Wilkes-Barre District, must be placed on Step No. 5 for the school year 1965-1966.

### "EXAMPLE 2"

"Teacher 'B' who had five years experience outside of the Wilkes-Barre School District was hired at a salary which gave no credit for prior experience. Two years after teacher 'B' was hired by the Wilkes-Barre School District, Act No. 405 went into effect".

### "QUERY"

"Upon what step of the salary schedule should teacher 'B' be placed by the Wilkes-Barre district under Act 405?"

"PLAINTIFFS' POSITION: Teacher 'B' should be given credit only for the two years experience in the Wilkes-Barre District because all other experience was waived when he signed the employment contract. Therefore, teacher 'B' would start on Step No. 3 under Act No. 405.

"DEFENDANTS' POSITION: Teacher 'B' should be placed on Step No. 3 of the salary schedule under Act No. 405, thus giving teacher 'B' credit only for the two years experience in the Wilkes-Barre School District.

"Note: Both plaintiffs and defendants agree upon the answer to this example".

(*stipulation of counsel, pp. 2, 3*).

This answer, agreed to by counsel for the parties hereto, is consistent with the reasoning of the court as set forth in the discussion of example 1, supra, and is approved and adopted by the court as the specific answer to the query under Example 2.

### "EXAMPLE 3"

"Teacher 'C' had no teaching experience whatsoever when he was engaged by the Wilkes-Barre School District. Teacher 'C' was hired by the Wilkes-Barre

School District at a salary above the minimum which was the same salary paid to a teacher with five years local experience. Two years after teacher 'C' was hired by the Wilkes-Barre School District, Act No. 405 went into effect".

*"QUERY"*

"Upon what step of the salary schedule should teacher 'C' be placed by the Wilkes-Barre District under Act 405?

"PLAINTIFFS' POSITION: Teacher 'C' should be given credit for the salary step attained by agreement in his contract, that is, five years, plus the two years of experience in the Wilkes-Barre School District, therefore teacher 'C' would start on Step No. 8 under Act No. 405.

"DEFENDANTS' POSITION: Teacher 'C' should be given no credit for the salary step attained by agreement in his contract, but should be given credit only for the two years experience in the Wilkes-Barre District, therefore, under Act No. 405, teacher 'C' should start on Step No. 3".

*(stipulation of counsel, pp. 3, 4)*

Here, teacher "C" had no previous teaching experience whatever, but was employed by the Wilkes-Barre School District at a salary payable under the Wilkes-Barre salary schedule to a teacher having completed five years of service in the Wilkes-Barre School District. The only distinction between teacher "C" and teacher "A" is that the latter had previous teaching experience outside of the Wilkes-Barre School District while the former had none whatever. Thus, whatever the reason was for crediting teacher "C" with having completed five years of teaching experience in the district, it culminated in this teacher being placed in the then applicable salary schedule at a certain point agreed upon by the teacher and the employing district. Subsections (a) and (e) of the Act of Decem-

ber 9, 1965, P. L. 1057, sec. 2, clearly govern this example. Subsection (a) assigns to a teacher "the step which the professional employe has attained *by agreement* or by years of experience within the school district whichever is higher, each step after step a constituting one year of service". Subsection (e) makes payable for the "school year 1965-1966, and each school year thereafter" an annual salary which "shall include an annual service increment for service in the previous school year by advancing the salary of the . . . employe to the next higher step on the minimum salary schedule *from the step attained* by the employe in the previous school year *or the step in which he was entitled to be placed by virtue of years of experience within the school district, whichever is higher*". Thus, whether he should have been placed in a higher category in the salary schedule when he was employed is not the question in the application of Act 405. The teacher is entitled to annual service increments or "steps" based upon the higher of either what his previous years' status in the schedule was or what it should have been based upon his years of experience in the district. His actual status could have been determined either by the automatic application of the salary schedule, giving him no credit for previous teaching (outside of the district) or nonteaching experience, or by crediting him with some mutually agreeable credit for such service. Example 2 considered the situation in which no credit was given for prior teaching service outside of the district. Example 1 considered the situation in which some credit was given for teaching service outside the district. In each example, the agreement of employment governed the point at which the teacher entered the salary schedule, and his entitlement to benefits thereof thereafter flowed from that point upward from year to year until the maximum salary under the local schedule, as it was

higher than the State mandated salaries, would be achieved.

A search of the pleadings and the stipulation has revealed nothing to indicate that the intention of the employed teachers and the board was otherwise than as set forth in the preceding paragraph, nothing to indicate that the parties to a teacher's employment contract intended that this premium beyond what the district was obligated to pay the teacher was to be temporary in nature and that it could be revoked at will by the district upon the allegation of a double increase, by distinguishing between service within the district and non-teaching experience or experience outside of the district, or by alleging irreparable harm to the taxpayers because of the unspecified expenditure involved. To the contrary, paragraph 4 of the petition, admitted by defendants' answer, avers that since the time each plaintiff was hired the school district has paid annual salary increases in accordance with the School Code for each year of service and salary increases for educational achievements. In point of law, any such additions to the contract of employment would be at best of doubtful legality in view of the mandate of section 1121 of the Public School Code of March 10, 1949, as amended, 24 PS§11-1121, that a contract of employment with a professional employe shall contain only the provisions set forth in that section.

This court does not presume to substitute its judgment for that of the duly elected representatives of the people of Wilkes-Barre City who are charged with the operation of the school district in the determination of what entering salary shall be paid to any particular teacher. However, the mandate of the general assembly is clear, as noted above, that where a teacher enters the salary schedule at an agreed point, he is the beneficiary of future service increments or "steps" to-

gether with the other members of the professional staff who are at that point as a group or class when he is hired. Therefore, the query as to teacher "C" is answered in accordance with plaintiffs' position, as follows: teacher "C", given credit for the salary step of five years experience in the Wilkes-Barre School District in the contract of employment, and having attained, in addition to this, two years of experience in the district, must be placed on Step No. 8 for the school year 1965-1966.

On the basis of the above discussions, the court reaches the basic conclusion that when a teacher is employed by the school district and is placed in a certain point in the then applicable salary schedule, and this is evidenced by the written contract of employment specifically stating the entering salary under the contract, this constitutes the agreement between the parties thereto. The court does not conclude that the school district is required to give any credit for service in other school districts or for nonteaching experience nor that the professional employe has the legal right to demand such credit. These are matters for negotiation between the professional employe and the school district prior to the execution of the contract. On that basis this litigation is not a renegotiation of the employment contracts of plaintiffs herein but is a determination of the rights and obligations of the parties as governed by the respective contracts of employment, the local salary schedule, and Act No. 405, supra, as determined by the contract of employment and the years of service to the Wilkes-Barre School District thereafter.

DECLARATION

Now, this day of May 29, 1968, at 9:20 a.m. (EDST), the court declares, for the reasons set forth in the within decision, that the status of each of the 58 plaintiffs named in paragraph 1 of their petition, as

professional employes of the School District of the City of Wilkes-Barre in the salary schedule of said district for the school year 1965-1966 is determined by the entering status of said professional employe into the salary schedule then in effect on the date of employment at a point evidenced by the salary set forth in the contract of employment, plus the annual salary increments earned by said professional employe to July 1, 1965, consonant with the determinations of this court as to the three examples set forth in the stipulation of counsel in this decision in the application of section 2 of the Act of December 9, 1965, P. L. 1057, thereto.