## Stoner v. Conewago Valley School District

*Gerald E. Ruth,* for plaintiffs.
*Eugene R. Hartman,* for defendant.

MacPHAIL, P. J., June 18, 1974.—This is a suit in assumpsit brought by two teacher employes against the school district for salary allegedly due and not paid according to appropriate salary schedules beginning with the school year 1965-66. Plaintiff Stoner claims $5,500 together with six percent compounded interest from June 30, 1966. Plaintiff Swanger claims $6,000, together with six percent compounded interest from June 30, 1966. The case was tried without a jury. Many of the essential facts were stipulated.

Basically, the dispute arises over the rights of each plaintiff under the salary schedules as adopted by the State and the salary schedules as adopted by the school district. The school district contends that it had a salary schedule in effect at the time both employes were hired and that both employes were hired pursuant to *that* schedule. The first issue is, at what "step" of either the school district or State salary schedule the two employes entered. A second issue is whether "incentive payments" for longevity and extra college credits obtained after employment should be included in determining whether the employe's base salary meets the State minimum standards. Finally, the question arises concerning interest with respect to any sums due plaintiffs, their contention being that they are entitled to have that interest compounded.

Stoner was employed by defendant as a temporary professional employe on September 5, 1961, and has remained in continuous employment with defendant since that date. Swanger was employed by defendant as a temporary professional employe on July 6, 1962, and has remained in continuous employment with defendant since that date. The suit was commenced February 21, 1973.

Section 1142 of the Public School Code of March 10, 1949, P. L. 30, as amended, 24 PS §11-1142, sets forth the minimum salary "schedules" for professional employes of school districts. For the purpose of this suit, the amendments to the Act of 1949, as adopted June 1, 1956, P. L. 1955, December 9, 1965, P. L. 1057, and June 12, 1968, P. L. 192, are relevant and controlling. The amendment of 1956 prescribed a minimum starting salary of $3,600 with $200 annual service increments for the school year 1959-60 and thereafter. The amendment of 1965 provided a minimum salary of $4,500 beginning with the school

year 1965-66 and thereafter with annual service increments of $300. The amendment of 1968 provided a minimum salary of $5,400 for the school year 1968-69 and $6,000 for 1969-70 and thereafter with $300 increments. All of those statutes, section 1152, 24 PS §11-1152, provide that a school board may prescribe higher pay schedules than those set forth in the law. It follows that where the school district has not adopted a higher pay schedule, the State minimum would apply. It also follows that if the school district contends that it did adopt a pay schedule, the burden of proving that fact falls upon the district.

In that respect, the school district has offered excerpts from its minute book and the testimony of an administrative officer. The minutes of March 1, 1961, show that five teachers were hired at $3,800 per annum. The minutes of June 7, 1961, show that six teachers were hired at salaries ranging from $3,800 to $4,300 (including Mr. Stoner who was hired at a salary of $4,000). The administrative officer testified that $3,800 was the minimum salary when both employes were employed. From that evidence, the school district asks us to conclude that a salary schedule had been adopted by the school board in 1961 fixing minimum starting salary of $3,800. We hold that the evidence is inconclusive and insufficient to prove that the school board adopted a minimum salary schedule for the year in question. Therefore, we hold that Stoner was employed under the provisions of the State mandated minimum salary schedule then in effect, Act of 1956, supra.

However, on February 7, 1962, a resolution was adopted by the school board providing that the pay for starting teachers would be $4,000 per year. Plaintiffs ·claim that this action on the part of the board is not equivalent to the adoption of a formal salary sched-

ule. It is true that a full schedule was not adopted showing increments, classifications, etc., but section 1152 of the code provides that it is within the power of the school boards to increase for "any person or groups of persons" the amount of the initial salary. We believe that this is what the school board accomplished, and that when Mr. Swanger was employed on July 6, 1962, the school district's salary schedule consisted of the State salary schedule with the modification that the minimum starting salary would be $4,000 instead of $3,800.

Defendant urges that subsequent increments in salary for both plaintiffs must be based upon *actual years of service in the school district*. Plaintiffs contend that their increments are based upon the "step" at which the employe entered the salary schedule when they were employed initially. Thus, in 1961 the minimum state salary was $3,600. Stoner was hired at $4,000 or two increments above the minimum. He contends he was employed in step 3 of the salary schedule. Swanger's initial contract called for a salary of $4,600. He was employed after the school board adopted a minimum initial salary of $4,000. The annual increments were $200 each under the Act of 1956, supra. Therefore, he would enter the salary schedule at step 4 on the date of his employment. (He contends, however, that the school board did not adopt a salary schedule and, therefore, he would enter at step 6.) A school administrator's memorandum (no. 100, July 9, 1968) from the Superintendent of Public Instruction to all chief school administrators, offered as defendant's exhibit, substantiates plaintiffs' contention. It is said there that the "entering step" is the step on the school district's salary schedule at which the employe agrees to enter the services of the school district. While we recognize that the memorandum specified that its con-

tents were limited to an interpretation of the Act of 1968, supra, it would seem that no other conclusion is logical with respect to the situation existing under prior statutes; otherwise, the professional employe would be "down-graded" when new salary schedules were adopted. We also note that the school district advanced each plaintiff's initial salary each succeeding year in accordance with the State mandated annual increment. While the two situations are not exactly comparable, the court in Welsh v. The Wilkes-Barre Board of Education, 46 D. & C. 2d 61 (1968), held that where a school district employed a teacher at a salary level equivalent to that which he would have attained had he been employed in that school district for two years, the employe's "entering step" was at the third step so that, after two years of service in the district, he was then at the fifth step on the salary schedule. We hold that Stoner was employed at the third step of the State mandated minimum salary schedule in effect for the school year 1961-62, and that Swanger was employed at the fourth step of the State salary schedule in effect for the school year 1962-63, as modified by the school district in February of 1962.

In determining the minimum salary to which each teacher was entitled in subsequent years, we must refer to the "step attained" in those particular years. The school administrator's memorandum previously referred to defines a "step attained" as the step on the school district's schedule determined by years of service within the school district *beyond* the agreed-upon entering step. Thus, in the two cases now before us, each plaintiff is entitled to be paid a minimum salary on the basis of his initial step, plus his years of service in the school district. The school district did adopt a professional salary schedule for the school year 1967-68 and it negotiated salary contracts for the school years

1971-72 and 1972-73. For all other years, the State mandated schedules would control.

Beginning in 1964, the school board adopted a salary adjustment schedule providing for a $100 increment for each five years of service and further providing for an increment of $100 for each ten credits earned beyond those required for permanent certification. Such increments are normally denominated as "incentive" payments. There would be little incentive to teachers to accrue either service or teaching credits if those items were to be used to determine whether the State mandated minimum salary had been met. We hold that such increments may not be applied by defendant as a credit to any sums they may owe plaintiffs under the State mandated salary schedules or under those adopted by the school district as interpreted herein.

With respect to the matter of interest, section 1155 of the Act of 1949, supra, 24 PS §11-1155, provides that where the salaries of employes of school districts are not paid when due, the district will be liable for interest at six percent per annum from the due date. We do not construe that statute as authorizing compound interest. Compound interest is permitted only when the parties have provided for it or a statute expressly authorizes it: Powell v. Allegheny Co. Retirement Bd., 431 Pa. 396 (1968). Since neither of the requisite conditions are present here, we will allow simple interest at six percent per annum.

In his trial brief, counsel for defendant requests the court to apply the doctrine of laches to the case now before us. Laches, of course, is an equitable defense not applicable to the law side of the court: Penna. Co. for Banking and Trusts v. Philadelphia, 167 Pa. Superior Ct. 637 (1950). We take no position on the question of whether or not the statute of limitations

would apply to any part of plaintiffs' claim since that issue was not raised by defendant. See Pennsylvania Rule of Civil Procedure 1032.

## VERDICT

And now, June 18, 1974, we find for plaintiffs and against defendant as follows:

1. Ronald K. Stoner v. Conewago Valley School District in the sum of $5,040.20, calculated in the following manner:

| School Year | Sum Due | Interest | Total |
|---|---|---|---|
| 1965-66 | $ 625 | $ 300.00 | $ 925.00 |
| 1966-67 | 600 | 252.00 | 852.00 |
| 1967-68 | 300 | 108.00 | 408.00 |
| 1968-69 | 600 | 180.00 | 780.00 |
| 1969-70 | 600 | 144.00 | 744.00 |
| 1970-71 | 600 | 108.00 | 708.00 |
| 1971-72 | 260 | 31.20 | 291.20 |
| 1972-73 | 200 | 12.00 | 212.00 |
| 1973-74 | 120 | None | 120.00 |
| | $3,905 | $1,135.20 | $5,040.20 |

2. William G. Swanger v. Conewago Valley School District in the sum of $4,026, calculated in the following manner:

| School Year | Sum Due | Interest | Total |
|---|---|---|---|
| 1965-66 | $ 400 | $192.00 | $ 592.00 |
| 1966-67 | 560 | 235.20 | 795.20 |
| 1967-68 | 600 | 216.00 | 816.00 |
| 1968-69 | 300 | 90.00 | 390.00 |
| 1969-70 | 300 | 72.00 | 372.00 |
| 1970-71 | 300 | 54.00 | 354.00 |
| 1971-72 | 300 | 36.00 | 336.00 |
| 1972-73 | 180 | 10.80 | 190.80 |
| 1973-74 | 180 | None | 180.00 |
| | $3,120 | $906.00 | $4,026.00 |

It is further ordered that the prothonotary shall give notice of the filing of this decision in accord with the provisions of Pa. R. C. P. 1038.