Helone G. Wildrick et al. *v.* Board of Directors of Sayre Area School District. (2 Cases)

Argued December 4, 1975, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Peter J. O'Brien*, for Helone G. Wildrick, et al.

*Robert J. Landy*, with him *Landy & Zeller*, for Board of Directors of Sayre Area School District.

*Kent H. Patterson*, with him *Cleckner and Fearen*, for amicus curiae, Pennsylvania School Boards Association.

OPINION BY JUDGE KRAMER, December 13, 1976:

This case involves cross appeals from an order of the Court of Common Pleas of Bradford County dated

March 4, 1975, in which the trial court granted the Motion for Summary Judgment filed by Helone G. Wildrick and other professional employes (plaintiffs) against the Sayre Area School District (defendant) for monies representing underpayment of salaries for various school years between 1965 and 1969. The issues presented concern the very complicated statutory schedule of minimum pay for public school teachers. The trial court applied the statutory salary schedule and its steps to a local salary schedule and concluded that the defendant had underpaid the plaintiffs. We hold that the trial court erred.

The plaintiffs are all professional employes of various classifications with different seniority. They sued in assumpsit to recover salary they alleged was owed to each of them for services rendered for the school years 1965-66 and 1971-72. Both parties filed motions for summary judgment. In total, the 46 plaintiffs sought $35,535.00, with interest. The parties agreed that there were no questions of fact to be resolved, and the trial court applied the facts garnered from the pleadings and interrogatories to its interpretation of the applicable statutory provision and granted a summary judgment to some of the plaintiffs (35 teachers) in the amount of $22,060.00, with interest. Both parties appealed to this Court.

The defendant first instituted a local salary schedule for its professional employes in 1958, and for every school year since that time its teachers have received salaries exceeding, by varying amounts, the minimum salary level mandated by the Legislature. We note that a teacher's salary is governed by two factors, the first of which is a "professional employe contract." Each of the 46 plaintiffs had such a contract which specified a dollar amount representing the salary for the given school year. Secondly, the salary in the contract is subject to the minimum salary level set forth

in the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §1-101 et seq. Both parties agree that the defendant may not pay less than. the minimum salary mandated by the Code. Prior to 1965, Section 1142 of the Code, 24 P.S. §11-1142 merely provided that a teacher was entitled to receive a certain minimum salary with minimum increments for years of service. School districts throughout the State unilaterally established salary schedules, which almost uniformly set salaries higher than the statutory minimum. These unilateral local salary schedules were based upon the school districts' determination of those salaries which they believed were necessary to attract new teachers and to retain the teachers already employed.

In 1965 the Legislature amended Section 1142 by what has become known as Act No. 405, Act of December 9, 1965, P.L. 1057, 24 P.S. §11-1142, which reads in pertinent part as follows:

Section 1142. Minimum salaries and increments—

(a) except as hereinafter otherwise provided, all school districts and vocational school districts shall pay all regular and temporary teachers . . . in the public schools of the district the following minimum salaries and increments for the school year 1965-1966 and each school year thereafter, as provided in the following tabulation in accordance with the column in which the professional employe is grouped and the step which the professional employe has attained by agreement or by years of experience within the school district whichever is higher, each step after step constituting one year of service.

. . . .

(e) the mandated salaries provided in this section shall be applicable to all professional and temporary professional employes within their respective class. The annual salaries payable under this section for the school year 1965-1966, and each school year thereafter, shall include an annual service increment for service in the school district during the previous school year by advancing the salary of the professional or temporary professional employe to the next higher step on the minimum salary schedule from the step attained by the employe in the previous school year or the step in which he was entitled to be placed by virtue of years of experience within the school district, whichever is higher.

The obvious purpose of Act 405 was to insure that teachers received a minimum salary based upon their placement on the state-mandated minimum salary schedule. School districts, however, were still permitted to pay more than the minimum salary. This section of the Code was again amended by what has become known as Act No. 96, Act of June 12, 1968, P.L. 192, 24 P.S. §11-1142. After this amendment the pertinent provision read as follows:

(a) Except as hereinafter otherwise provided, all school districts and vocational school districts shall pay all regular and temporary teachers . . . the minimum salaries and increments for the school year 1968-1969 and each school year thereafter, as provided in the following tabulation in accordance with the column in which the professional employe is grouped and the step which the professional employe has attained by years of experience within the school district each step after step 1 constituting one year of service. When a school district,

by agreement, places a professional employe on a step in the salary scale, each step thereafter shall constitute one year of service. *When a district adopts a salary scale in excess of the mandated scale, it shall not be deemed to have altered or increased the step which the employe has gained through years of service.* (Emphasis added.)

As a result of these statutes, disputes have arisen between teachers and school districts over the level of pay to which a teacher is entitled, especially where the school district has established a local salary schedule which is higher than the state minimum. *See Stoner v. Conewago Valley School District,* 66 Pa. D. & C. 2d 689 (Adams, 1974); *Rishkofski v. Central Columbia School District,* 67 Pa. D. & C. 2d 406 (Columbia, 1973); *Baldacchino v. Central Cambria School District,* 29 Cambria C. Rep. 1 (1970); *Welsh v. Wilkes-Barre Board of Education,* 46 Pa. D. & C. 2d 61 (Luzerne, 1968). This Court also recently passed upon some aspects of this question in *Graybill v. Juniata County School District,* 21 Pa. Commonwealth Ct. 630, 347 A.2d 524 (1975). All of these cases, however, dealt strictly with the interpretation of the statutory formula used in placing a teacher on the state-mandated minimum salary schedule. The issue presented in this case is different in that here the teachers contend, and the trial court concluded, that, after determining the step at which a teacher should be placed on the statutory schedule, that step should then be applied to any local salary schedule to determine the amount of the teacher's salary.

We reaffirm our holding in *Graybill, supra,* that in determining the minimum salaries teachers are "entitled to compensation on the basis of placement on the step attained by granting them service credit equivalent to the increment level that they had re-

ceived under their initial employment contract with the school district." 21 Pa. Commonwealth Ct. at 636-37, 347 A.2d at 528. We recognize that in *Welsh, supra,* the trial court did state that the step attained by agreement or by years of service, "whichever is higher," should be applied to a local salary schedule, but our reading of *Welsh* leads us to conclude that this statement was dicta and that the issue before us in the instant case was not presented to the trial court in *Welsh.*

We can find no language in the Code which requires a school district to apply to its *local* salary schedule that step in the *statutory* schedule which was intended by the Legislature to determine the minimum pay for teachers in the various categories. The law requires that a teacher with certain experience and qualifications be paid a certain salary and if a school district does that it has met its duty under the law. A school district may not pay less, but it has not been required to pay more.

The plaintiffs also raise an issue concerning a provision in the *local* salary schedule, which reads as follows:

> The above schedule provides the basic structure. *Present* employees will receive 75% of the increment provided for the school year 1967-68 and the remaining 25% in '68-'69.

The effect of this provision is illustrated by an example drawn from the local schedule. Step one on the bachelor's scale provides a salary of $5,400 to a first-year teacher. Step two provides for $5,700, or a difference of $300 representing the minimum annual increment. However, by limiting a second-year teacher to 75 percent of the local salary increment in 1967-68, the second-year teacher receives $5,250, or only $125 more than a first-year teacher.

The plaintiffs contend that this is "discriminatory" and "unfair," while conceding that there is no authority concerning the validity of such a salary limitation. They urge us to hold that the limitation is "contrary to law," without referring us to the law which is contrary. There is no allegation, nor do the facts lead us to conclude, that the above-quoted provision violates any constitutional provision or any particular section of the Code.

We note that the year in question was 1967-68, prior to the enactment of laws which gave public employes the right to bargain collectively for salaries. We agree with the defendant that the 75 percent increment limitation represented proper unilateral action and was legally permissible as long as each individual teacher was paid the amount specified in his or her contract, and as long as these contracts provided for payment at or above the minimum amount mandated by the Code.

In summary, in view of the fact that all of the plaintiffs received during each of the contested years a salary higher than the statutory minimum level established by the placing of each teacher at the proper step on the statutory schedule, we hold that the court erred in applying the local salary schedule to each respective teacher's step on the state schedule. Accordingly, we

ORDER

AND Now, this 13th day of December, 1976, in accordance with the foregoing opinion, the judgment granted by the order of March 4, 1975 in the above-captioned matter in favor of the 35 plaintiffs and against the Sayre Area School District is vacated, and the decision of the Court of Common Pleas of Bradford County is reversed insofar as it relates to the entry of judgment against the Sayre Area School District.